PAUL J. PASCUZZI, CA State Bar No. 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for Elli M. A. Mills, J.D., MBA, Receiver

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| USACM LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PLACER COUNTY LAND SPECULATORS, LLC, aka PLACER COUNTY LAND INVESTORS, LLC; et al,<br><br>Defendants | Civil Action No. 2:08-cv-01276-KJD-RJJ<br><br>Date:     November 29, 2011<br>Time:    9:00 a.m.<br>Judge:   Hon.  Kent J. Dawson |

**ORDER AUTHORIZING RECEIVER TO ENTER INTO A PROFESSIONAL SERVICE AGREEMENT WITH JOHAS AND ASSOCIATES, INC., AND A GRAZING LEASE AGREEMENT**

Upon consideration of the Motion of Receiver for an Order Authorizing Receiver to Enter Into a Professional Service Agreement with Johas and Associates, Inc., and a Grazing Lease Agreement [Docket No. 677] (the "Motion"), after a hearing on proper notice, the Court having considered the Motion and arguments, and good cause appearing,

IT IS ORDERED that:

1. The Motion is granted;

1. The Receiver is authorized to enter into the Professional Service Agreement with

///

///

///

Johas and Associates, Inc. on the terms specified in the Motion; and

    2.    The Receiver is authorized to enter into the Lease Agreement attached hereto as Exhibit A.

Dated: __December 1__, 2011

_____
United States District Court Judge
District of Nevada

-2-

ORDER AUTHORIZING RECEIVER TO ENTER
INTO A PROFESSIONAL SERVICE AGREEMENT
AND A GRAZING LEASE AGREEMENT

# EXHIBIT A

# GRAZING LEASE

This LEASE is made and entered into this 1st day of November, 2011_ by and between Elli A. Mills Court Appointed Receiver, Placer 1 Owners' Receivership C/o Johas & Associates, Inc. hereinafter referred to as "LESSOR", and Tenant hereinafter referred to as "LESSEE".

## I

### The Premises

LESSOR hereby leases to LESSEE, and LESSEE hereby hires from LESSOR, on the terms and conditions set forth in this LEASE, all that certain real property (hereinafter referred to as the "PREMISES") situated in Placer County County, State of California, and including such improvements as may now be located thereon as are owned by LESSOR.

The PREMISES are more particularly described in Exhibit "A", attached hereto and incorporated herein by this reference.  The parties agree that the PREMISES shall be deemed to contain 338 acres without regard to the actual acreage and commonly known as follows: Elli A. Mills Court Appointed Receiver, Placer 1 Owners' Receivership.

## II

### Disclaimer of Warranty - Soil & Water Suitability

LESSOR makes no warranty of the soil or water suitability for any purpose whatsoever.  LESSOR makes no warranty as to supply of water.

## III

### Lease subject to Existing Rights of Owners

This LEASE is subject to:

A.  All existing easements, servitudes, licenses, and rights-of-way for canals, ditches, levees, roads, highways, and telegraph, telephone, and electric power lines, railroads, pipelines and other purposes, whether recorded or not.

B.  The rights of other lessees under any existing or future oil, gas and mineral lease or leases from LESSOR affecting the entire or any portion of the PREMISES, whether recorded or not.

## IV

### Utilities

LESSEE shall pay for all water, power, utility company charges and for all other services supplied to the PREMISES, for livestock grazing purposes.

## V

### TERM

The initial term of this LEASE shall commence as of November 1, 2011 and continue through June 30, 2012, and shall terminate on, June 30, 2012 subject to the Right of Termination contained in Paragraph XIX hereof.

1

## VI

### Abandonment

LESSEE shall not vacate or abandon the PREMISES at any time during the term hereof.  If LESSEE does abandon, vacate or surrender the PREMISES, or if LESSEE is dispossessed by process of law or otherwise, any personal property belonging to LESSEE and left on the PREMISES shall be kept for a reasonable time by LESSOR, but in no event longer than fifteen (15) days after LESSOR gives LESSEE notice to remove such property from the PREMISES, after which time, if it has not been reclaimed by LESSEE, it may be treated by LESSOR as abandoned.

## VII

### Consideration

LESSEE shall pay LESSOR as rental for the use and occupation of the PREMISES the sum of Seven Thousand and Ninety Eight Dollars and no/100 ($7,098), payable in advance, with the rent being payable on execution of this LEASE.

## VIII

### Use of the Premises

The PREMISES are leased to LESSEE for the purposes of grazing and pasturing cattle and for no other purpose.

LESSEE agrees to carry on all of its operations hereunder in accordance with good husbandry and the best grazing practices of the county in which the PREMISES are located and shall not permit the PREMISES or any part thereof to be overgrazed.

## IX

### Compliance with Law

In all operations hereunder, LESSEE shall, at his sole expense, promptly comply with any and all laws, ordinances, rules, regulations, requirements and orders of any nature whatever, present or future, for all national, state, county or municipal governments, which may in any way apply to the use, maintenance or occupation of, or operations upon, the PREMISES. Firebreak is to be provided by Tenant. Firebreak is to be 40' wide at its narrowest point and shall comply will government standards as to construction and maintenance.

## X

### Taxes

LESSEE shall pay all taxes assessed against LESSEE'S personal property upon the PREMISES. Lessor is responsible for annual property taxes.

## XI

### Indemnification

LESSOR shall not at any time, nor to any extent whatsoever, be liable, responsible, or in any way accountable, for any loss, injury, death or damages to persons or property from any cause or causes whatsoever, which at any time may be suffered or sustained by LESSEE or by any other person who may at any time during the term of this LEASE be using, occupying, or visiting the PREMISES, and LESSEE shall indemnify and save LESSOR harmless from any and all claims, liabilities,

2

losses, damages, costs and expenses whatsoever arising out of any loss, injury, death or damages, however occurring, to any person or property and resulting from any contact with the PREMISES or from LESSEE'S use thereof. LESSEE shall promptly reimburse LESSOR, or other owner or LESSEE, as the case may be, for all damages to property adjoining the leased PREMISES, and to crops growing thereon, suffered by reason of any encroachment thereon by LESSEE'S livestock.

## XII

### Insurance

A. LESSEE, at his sole expense shall procure and maintain in full force and effect insurance as a minimum as follows:

 1. All required Worker's Compensation Insurance relating to LESSEE'S business: and

 2. Public Liability Insurance with limits of not less than ONE MILLION DOLLARS ($1,000,000.00) per person, ONE MILLION DOLLARS ($1,000,000.00) per occurrence, and ONE MILLION DOLLARS ($1,000,000.00) for property damage, insuring against any and all liability of LESSEE and LESSOR with respect to the PREMISES or arising out of the maintenance, use or occupancy thereof.

B. All insurance policies shall be issued by companies and in form satisfactory to LESSOR, shall name LESSOR and Johas and Associates, Inc. as an additionally insured, and shall expressly provide that the insurance company shall notify LESSOR in writing at least (30) days prior to any alteration or cancellation thereof. Each such policy or appropriate evidence thereof, together with evidence that the premium thereon has been paid, shall be delivered to LESSOR forthwith on execution of this LEASE.

## XIII

### Maintenance and Repairs

The LESSEE agrees that he will, at all times during the term hereof, keep and maintain all fences, corrals, cattle guards, tank platforms, troughs, and all other improvements used by LESSEE on said PREMISES in as good a condition and state of repair as the same are now in, at his own expense and without any expense whatsoever to LESSOR, except as herein otherwise specifically provided, and that he will furnish and pay for all labor required for such repairs and maintenance, and that he will pay all bills incurred in connection with his operation of said demised PREMISES.

A. LESSEE shall bear all other expenses specifically including, but not limited to all utility charges for light and power. Lessee is responsible for all maintenance and repair of fences as well as any vandalism, which may occur.

## XIV

### Liens

A. LESSEE shall keep the PREMISES and the improvements thereon free and clear of all liens arising out of or claimed by reason of any work performed, material furnished or obligations incurred by or at the instance of LESSEE and indemnify and save LESSORS and the PREMISES and the improvements upon the PREMISES harmless of all such liens or claims of lien and all attorney's fees and other costs and expenses incurred by reason thereof.
B. LESSEE shall not create, or cause to be created, any document or conveyance affecting the title of the leased PREMISES.

3

XV

**Insolvency**

In the event any proceedings under the Bankruptcy Act or any amendment thereto be commenced by or against LESSEE, or in the event LESSEE be adjudged insolvent or make an assignment for the benefit of its creditors, or if a writ of attachment or execution be levied on the leasehold estate hereby created and not be released or satisfied within thirty (30) days thereafter, any such event shall constitute a breach of the LEASE by LESSEE and, at the option of LESSORS and without notice of entry or other action of LESSOR, shall terminate this LEASE and all rights of LESSEE hereunder.

XVI

**Entry by Lessor**

    A.   LESSOR shall have the right to enter the PREMISES at all reasonable times to inspect the same, to determine whether LESSEE is performing his obligations under this LEASE, or to exercise any of his rights hereunder.

    B.   LESSOR, its engineers and agents shall have access to the leased PREMISES at all reasonable times during the term of this LEASE for the purpose of conducting studies, surveys, soil tests, engineering tests and similar purposes. All such tests shall be performed at LESSOR's sole cost and expense. LESSOR shall repair any damage covered by such activity.

XVII

**Surrender at End of Term**

Upon the expiration of this LEASE, LESSEE shall peaceably and quietly leave and surrender the PREMISES in good and clean condition, order and repair, reasonable wear and tear excepted. On or before the expiration or prior termination of this LEASE, LESSEE shall have the right to remove all trade fixtures and removable personal property which may theretofore have been placed upon the PREMISES by LESSEE; provided that LESSEE shall repair all damage to the PREMISES caused by such removal. Any property of LESSEE not so removed may, at the option of Lessor, be deemed surrendered and forfeited to LESSOR as additional rent hereunder.

XVIII

**Default**

If LESSEE shall fail to pay any part of the rental herein provided, or any other sum required by this LEASE to be paid by LESSEE, at the times or in the manner provided, or if default shall be made in any of the other covenants or conditions on its part to be performed, then LESSOR, beside such other rights or remedies it may have by law, may recover the worth at the time of the award of the amount by which the unpaid rent for the balance of the term after the award exceeds the amount of such rental loss for the same period that the LESSEE proves could be reasonably avoided. Any rent or other sum payable by LESSEE that is not paid when due, shall bear interest at the rate of fourteen percent (14%) per annum from the due date until paid. Provided however, said interest shall not exceed the maximum rate permitted by law.

## XIX

### Termination

At any time during the term of this LEASE, LESSOR may, at its option, exercised by written notice to LESSEE, terminate this LEASE with respect to all or any portion of the PREMISES.  Such notice of termination shall specify the termination date and the acreage affected thereby and shall be delivered to LESSEE not less than forty-five (45) days in advance of such date.  LESSEE shall thereupon be allowed a proportionate credit against the rent payable hereunder.  If such termination date is other than the end of an annual period during the LEASE term, the rental credit shall be prorated in a reasonable manner.

## XX

### Waiver of Breach

No waiver by LESSOR of its rights to enforce any provisions hereof after any default on the part of LESSEE shall be deemed a waiver of its right to enforce each and all of the provisions hereof upon any further or other default on the part of LESSEE.

## XXI

### Attorneys' Fees

Should either party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of an alleged breach of any provision hereof, the party prevailing in such action or proceeding shall be entitled to recover reasonable attorney's fees.

## XXII

### Notices

All notices and demands to LESSEE provided for herein shall be deemed to have been served only when such notice in writing is personally served on LESSEE or has been deposited in the United States mail by registered or certified mail addressed to the LESSEE at the demised PREMISES or such other place as LESSEE so advises LESSOR in writing.  All notices and demands to LESSOR provided for herein shall be deemed to have been served only when such notice in writing is personally served on LESSOR or has been delivered by registered or certified mail to LESSOR at the address provided for the payment of rent to LESSOR or at such other place as LESSOR so advises LESSEE in writing.

## XXIII

### Successors and Assignment

The terms, covenants and conditions contained herein shall bind and inure to the benefit of LESSOR and LESSEE and their respective heirs, executors, administrators, legal representatives, successors and assigns, provided that LESSEE shall not assign its interest hereunder without the prior written consent of LESSOR. No such consent shall be deemed consent to any further assignment.  Any sale of the PREMISES by LESSOR to a party that assumes LESSOR's obligations hereunder shall thereupon relieve LESSOR of any further personal liability hereunder.

XXIV

Conditions of Premises

LESSEE accepts the demised PREMISES in their "as is" condition without any representations or warranties whatsoever. LESSEE shall maintain all improvements, and shall return the property to LESSOR in the same condition as when the lease started.

XXV

Alterations and Improvements

The PREMISES shall not be altered or changed without LESSOR's written consent. Unless otherwise agreed in writing, all alterations, improvements and changes shall be done either by or under the direction of LESSOR, but at the cost of LESSEE, and shall be the property of LESSOR, and shall remain upon and be surrendered with the PREMISES.  LESSEE shall have the right, but not the obligation to repair, replace or construct new fencing, as the LESSEE deems necessary to contain and restrain LESSEE's cattle.

XXVI

Utilities

LESSEE shall pay for all water, gas, heat, light, power, telephone service, and for all other services supplied to the PREMISES except as otherwise provided in this LEASE.

XXVII

Oil, Gas and Mineral Rights

All rights in all minerals, oil, gas and other hydrocarbons located on or under the leased PREMISES are particularly reserved to LESSOR and are particularly excepted from the property covered by the terms of this LEASE.  LESSEE expressly grants to LESSOR, and to lessees of these oil, gas and mineral rights, and to LESSOR's agents and licensees, a right of entry and a right-of-way for ingress and egress in and to, over and on, the leased PREMISES during the term of this LEASE for the exploration, drilling, and mining of minerals, oil, gas and other hydrocarbons on the leased PREMISES; provided that LESSOR shall reimburse LESSEE for any reasonable damages that LESSEE sustains as a result of any interference with the agricultural operations conducted on the leased PREMISES under the terms of this LEASE arising from exploration, drilling, or mining operations.

XXVIII

Hunting Rights

All hunting rights and privileges on the leased PREMISES are particularly reserved to LESSOR; provided that no damage shall be done by LESSOR or those claiming under him to any growing crops of LESSEE or other property rights of LESSEE under this LEASE.

### XXIX

### Timber Rights

All timber rights, of every kind and character, in the leased PREMISES are reserved to LESSOR, who has the right to cut and remove the timber, or otherwise exercise all timber rights, at all times during the term of this LEASE; provided that no damage shall otherwise be done by LESSOR or those claiming under him to any growing crops of LESSEE or other property rights of LESSEE under this LEASE.

### XXX

### Destruction of Premises

If a partial destruction of the PREMISES has occurred, from any cause, during the term of the LEASE, LESSEE shall forthwith make necessary repairs. If the repairs are not made within sixty (60) days, LESSOR has the right, at his option, to make the repairs.  LESSEE becomes responsible to reimburse LESSOR for repairs made.  If LESSOR does not make the repairs in sixty (60) days, or if the repairs cannot be made under the current laws, rules, and regulations, this LEASE may be terminated at the option of LESSOR.

### XXXI

### Condemnation

If a part of the PREMISES is condemned for a public use, and the remaining part is susceptible of occupation by LESSEE, this LEASE shall terminate, as to the part taken, on the date title vests in the condemnor.  The rent payable under this LEASE shall be adjusted so that LESSEE shall be required to pay for the remainder of the term only the portion of the rent that the value of the part remaining after the condemnation bears to the value of the entire PREMISES at the date of valuation for condemnation purposes; but, in this event, LESSOR shall have the option to terminate this LEASE as of the date that a certified copy of the final order of condemnation is filed in the office of the County Recorder.  All expenses necessary to restore fences and to replace access roads lost by the condemnation shall be borne by Lessor.  If the entire or a part of the leased PREMISES is taken or condemned so that there does not remain a portion capable of occupation by LESSEE, this LEASE shall terminate on the date title vests in the condemnor.

If the entire or a part of the leased PREMISES is taken or condemned, all compensation awarded on condemnation shall go to LESSOR, with LESSEE having no claim to compensation; LESSEE irrevocably assigns and transfers to LESSOR any right to compensation or damages to which LESSEE may become entitled during the term of this LEASE by the condemnation of the entire or a part of the leased PREMISES.

### XXXII

### Subordination

This LEASE shall be subordinate to any mortgages or deeds of trust that may subsequently be placed on the PREMISES, to all advances made under them, to the interest on all obligations secured by them, and to all renewals, replacements, and extensions of them.

7

## XXXIII

### Recordation

Neither this LEASE nor any memorandum hereof shall be recorded.

## XXXIV

### Entire Agreement

This LEASE constitutes the entire agreement between the parties. Each party to this LEASE hereby acknowledges that the other party has made no warranties, representations, covenants or agreements expressed or implied to such party other than those expressly set forth herein, including specifically any representations as to the size of the PREMISES or the character of the improvements thereon.

## XXXV

### Construction

Whenever the content of any provision shall require it, the singular number shall be held to include the plural number and vice versa. The neuter gender includes the masculine and feminine. The captions at the beginning of each paragraph of this LEASE are for convenience only and are not a part of this LEASE and do not in any way limit or amplify the terms and provisions of this LEASE.

IN WITNESS THEREOF, the parties hereto have executed this LEASE as of the 1st day of November 2010.

```
            LESSOR:      _____
                         Elli A. Mills Court Appointed Receiver
                         C/o Johas & Associates, Inc.
                         10537 Calvine Road
                         Sacramento, CA  95830

By:_____           Date_____


            LESSEE:      Tenant
                         James Riolo
                          2660 Vineyard Road
                         Roseville, Ca 95747
                          916 992-9200
By:_____           Date_____
```

8