PAUL J. PASCUZZI, CA State Bar No. 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for Elli M. A. Mills, J.D., MBA, Receiver

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| USACM LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PLACER COUNTY LAND SPECULATORS, LLC, aka PLACER COUNTY LAND INVESTORS, LLC; et al,<br><br>Defendants | Civil Action No. 2:08-cv-01276-KJD-RJJ<br><br>Date:   April 2, 2013<br>Time:  9:00 a.m.<br>Judge: Hon.  Kent J. Dawson |

**ORDER AUTHORIZING RECEIVER TO EMPLOY
SPECIAL COUNSEL FOR REAL ESTATE TAX MATTERS**

Upon consideration of the Motion of Receiver for Order Authorizing Receiver to Employ Special Counsel for Real Estate Matters [Docket No. 734], after a hearing on proper notice, the Court having considered the motion and arguments, and good cause appearing,

IT IS ORDERED that:

1. The Motion is granted;

2. The Receiver is authorized to employ Boutin Jones, Inc. ("Boutin") as his special tax counsel herein.  A full description of the terms of retention is contained in the attached Exhibit A;

3. The Receiver is authorized to pay Boutin its fees and costs in accordance with paragraph 13 of the Receivership Order; and

4. The Receiver is authorized to take all such action as necessary to effectuate the

-1-

ORDER AUTHORIZING RECEIVER
TO EMPLOY SPECIAL REAL
ESTATE TAX COUNSEL

terms of this order on behalf of the receivership estate, including executing any and all documents.

Dated: __April 3__, 2013.

_____
United States District Judge
District of Nevada

# EXHIBIT A



Robert R. Rubin
Attorney
Direct Line / 916.231.4079
brubin@boutinjones.com

February 27, 2013

**VIA EMAIL & U.S. MAIL**

Placer 1 Owners' Receivership
c/o Elli M. A. Mills, JD, MBA
Court Appointed Receiver
5401 Longley Lane, Suite 42
Reno, NV  89511

Re:  Engagement Letter

Dear Mr. Mills:

We are pleased to represent Placer 1 Owners' Receivership in connection with its property tax dispute regarding three parcels located in Placer County.  In addition, we will provide other ongoing legal services, if any, requested or directed by you from time to time.

Legal Fees

We have agreed to undertake your representation at our standard hourly rates.  My hourly rate is $545.  Our firm includes lawyers with a variety of skills and experience, and we draw upon each other's skills to provide cost-effective legal services to you.  When appropriate, we will assign certain portions of the work to persons with lower billing rates in order to minimize your legal costs.  All work not performed by the firm's shareholders, however, will be completed under a shareholder's direct supervision, and Boutin Jones Inc. assumes full responsibility for all work performed.

Costs

In addition to our legal fees, we charge for costs we incur on your behalf.  We separately itemize certain costs such as express delivery fees, computerized legal research charges and fees for recording deeds or other documents.  We may send the invoices for some of these costs directly to you for payment, and we may ask that you pay such costs in advance.  Itemization is not practical for other costs such as photocopying, long-distance telephone, postage and facsimile charges.  To cover these costs, we add to each bill an administrative charge of 4% of the legal fees charged each month.

We welcome a free and open discussion about our fee structure or any particular statement or charge.  We respect the importance which our clients attach to the significant matter of fees.

383900.1



Placer 1 Owners' Receivership  
c/o Elli M. A. Mills, JD, MBA  
February 27, 2013  
Page 2

Retainer

It is the policy of our firm to ask for a retainer from all new clients and from existing clients in connection with all new matters.  At this time, we are waiving the retainer; however, we reserve the right to request one in the future.  All retainers paid to us are deposited in our client trust account.  This letter will authorize us to withdraw from the trust account balance the monthly fees and costs we bill you.  If the trust account balance is insufficient to cover our fees and costs, we will bill you for the insufficiency and ask you to replenish the retainer.  Any balance remaining in the trust account after the conclusion of our work will be promptly refunded to you.

Schedule of Payment

We request that you pay our invoice within ten (10) days following your receipt of our invoice, and we reserve the right to withdraw from your representation for nonpayment of our fees.  Delinquencies of thirty (30) days or more from the date of the invoice will be subject to a late charge to cover additional costs that we incur.  The late charge is five percent (5%) of the fees and costs incurred during the billing period covered by the invoice.

Standard Provisions Attached

The enclosed Boutin Jones Inc. Standard Terms Regarding Services further clarify terms and conditions of our representation.  Together with this letter, the Standard Terms contain our agreement for legal services.

I encourage you to contact me if you have any questions regarding our representation or our fees.  If these terms are acceptable, please sign the Acceptance attached to this letter and return the copy to me.  This will confirm your agreement to the terms of our engagement as described in this letter and the Standard Terms.  You may keep the original for your files.

Thank you for the opportunity to represent Placer 1 Owners' Receivership.

Very truly yours,

Robert R. Rubin

Enclosure

383900.1



Placer 1 Owners' Receivership  
c/o Elli M. A. Mills, JD, MBA  
February 27, 2013  
Page 3

## **ACCEPTANCE**

The undersigned accepts the agreement for legal services contained in this letter and the attached Standard Terms.

Dated: _____

                PLACER 1 OWNERS' RECEIVERSHIP

                By_____
                     Elli M. A. Mills, JD, MBA,
                     Court Appointed Receiver



# BOUTIN JONES INC.
## STANDARD TERMS REGARDING LEGAL SERVICES

These Standard Terms, together with the fee engagement letter, constitute the Agreement for Legal Services ("Agreement") between you and Boutin Jones Inc.

**1.    Effective Date.**  This Agreement is effective as of the date we first perform services on your behalf.  If we perform legal services at your request while we are waiting for you to sign and return this Agreement, you will still be required to pay for those services even if you decide not to sign and return this Agreement.

**2.    Conflicts of Interest.**  We have conducted a search of our files to determine if any conflicts exist that would make it impossible for us to represent you in this matter.  A conflict occurs when we are asked to represent a party against a former or present client.  We are prohibited from providing services where a conflict exists unless all affected parties give us permission in writing.  If a conflict arises in the future, we may not be able to continue to represent you with respect to this matter unless we obtain the appropriate waivers.  At this time we do not see any conflicts of this nature.  If we discover any such conflicts during the course of our representation, we will bring them to your attention immediately.

**3.    Attorney Time.**  Our lawyers and paralegals bill in minimum units of 0.10 hours (six minutes) for any task.  We will charge for all telephone calls relating to your case, including, but not limited to, calls with you and opposing counsel.  Our legal personnel may confer among ourselves about your matter, as required.  When we do confer, each person will charge for the time expended.  If more than one of our legal personnel attends a meeting or other proceeding, each will charge for his or her time.  We will charge for waiting time and for travel time, both local and out of town.  We will also charge for legal research and analysis, review of documents, drafting of documents, and negotiation.  All of the charges will be at the rates in effect when the services are rendered.

**4.    Out of Pocket Costs and Administrative Charge.**  In addition to our legal fees, we charge for costs we incur on your behalf.  We separately itemize certain costs such as filing fees, process service fees, court reporter fees, messenger and other delivery fees, document recordation fees, travel, and charges for computerized legal research.  We may send the invoices for some of these costs directly to you for payment, and we may ask that you pay such costs in advance.  Itemization is not practical for other costs such as photocopying, long-distance telephone, postage and facsimile charges.  To cover these costs, we add to each bill an administrative charge of 4% of the legal fees charged each month.

**5.    Extraordinary Compensation.**  In matters requiring great urgency, unusual complexity or special sophistication or training, the American Bar Association's Rules of Professional Conduct allow for these factors to be considered in formulating fees, and we would propose to

383900.1



do so in such instances.  For example, in the course of our representation, we may be asked to render a legal opinion to a third party on your behalf.  Where such an opinion is rendered by our firm, we may include a reasonable additional charge over and above the time spent on the matter by firm personnel.  The amount of such additional charge will be determined by consideration of the following factors:  (1) the complexity, novelty and difficulty of the questions involved and the skill, experience and professional judgment required for the opinion; (2) the amount involved in the transaction and the firm's responsibility to the recipient of the opinion rendered; (3) the time limitations imposed by the circumstances; and (4) the scope of the diligence and investigation appropriate to the transaction.

**6.     Retainers.**  It is our standard practice to request a retainer from you prior to rendering any legal services on your behalf.  We will ask that this retainer be replenished from time to time.  All retainer funds will be held in our client trust account.  We will apply the retainer amount to our fees and costs.  Any retainer remaining in the client trust account at the conclusion of our representation, after payment of all fees and costs, will be returned to you absent any agreement otherwise.  Failure to pay our fees and costs on a timely basis, or failure to replenish the retainer as requested from time to time, will be cause for Boutin Jones Inc. to withdraw from your representation.

**7.     Billing Statements.**  We will bill you on a monthly basis.  Our invoices will state the date of each service, the name and hourly rate of the professional performing the service, a description of the service performed, and the amount of time devoted to each item.  Our out-of-pocket costs will be itemized.  We invite you to discuss with us at any time any questions you may have regarding our invoices or the status of your matter.  You agree to inform us in writing within 30 days if you dispute any part of an invoice, and you agree that any invoice not disputed within that time is accurate.

**8.     Late Payment.**  Payment of our invoices is due within ten (10) days following your receipt of our invoice.  If payment is not received within thirty (30) days from the date of the invoice, you agree to pay a late charge of five percent (5%) of the fees and costs incurred during the billing period covered by the invoice.  This late charge covers additional costs that we incur as a result of late payment.

**9.     Notice of Change in Rates and Charges.**  The hourly rates quoted to you in the fee engagement letter are those currently used by our firm.  Like all business people, we are not immune from increasing costs.  From time to time, therefore, we must review and revise our rates and charges in order to keep pace with such demands.   The revised rates and charges then will be applied to the services rendered thereafter on your behalf. While we will make every effort to notify you in advance of any increase, any increase will be reflected in our billings to you, and your receipt of such billings will constitute notice of any increase in our rates or charges.

383900.1



**10.     Additional Services.**  We will provide other ongoing legal services as may be agreed upon between us from time to time.  This Agreement shall apply to any such additional services.

**11.     Client Responsibilities.**  You agree to be truthful with us, to cooperate, to keep us informed of developments that relate to our services, to comply with this Agreement, to pay our bills on time, and to keep us advised of your current address, telephone number, and place of employment.  You also agree to respond promptly, fully, and accurately to requests for information or documents and to other requests for assistance made by Boutin Jones Inc.  We may communicate with you by email at any email address you provide to us from time to time.

**12.     Litigation.**  We cannot precisely determine the full nature and extent of the legal services that may be necessary.  Much of what will be done depends upon the responses of other parties or the actions of the courts.  Consequently, compensation for our services is not a fixed fee.  Our fees are based upon the time devoted to your representation, including time spent on telephone calls, negotiations, factual investigations and analysis, legal research and analysis, conferring with other attorneys or staff in the office, document preparation and revision, travel away from the office, and all other items related to your representation.

**13.     Experts.**  To prepare or present your case or legal position, we may need expert witnesses, consultants, or investigators.  We will select and engage them and you are responsible for their bills.  When feasible we will consult with you before completing the engagement.

**14.     Settlement.**  If we are hired to pursue or defend a claim on your behalf, Boutin Jones Inc. will not settle the claim without your approval, and you have the absolute right to accept or reject any offer of settlement.  We will notify you promptly of the terms of any settlement proposal that we receive on your behalf.

**15.     Liens.**  You grant Boutin Jones Inc. a lien on any and all claims or causes of action that are the subject of our representation and on any retainer held in our client trust account on your behalf.  Our lien is for any sums owing to us for any unpaid costs or attorneys' fees.  The lien attaches to any recovery you obtain.

**16.     Disclaimer of Guaranty.**  Boutin Jones Inc. can make no promises or guarantees about the outcome of this representation.  Our comments about the outcome of your matter are expressions of opinion only.

**17.     Termination of Representation.**  You have the right to terminate our representation of you at any time.  We have the same right, subject to our ethical obligation to provide you with reasonable notice to arrange for alternative representation.  If requested by you, we will return your file to you, or to a substitute attorney of your choice at your written direction.  You agree to pay our actual costs of transfer, including but not limited to copying costs.

383900.1



**18.     Negotiated Agreement.**  This is a negotiated agreement that can be accepted or rejected by the parties.  The terms of this Agreement are not set by law.  You may consult independent counsel before entering into this Agreement.

**19.     Attorneys' Fees.**  In the event that suit or arbitration is brought to enforce or interpret any part of this engagement agreement, the prevailing party will be entitled to recover, in addition to the amount of any judgment or award, a sum as and for reasonable attorneys' fees and costs incurred.  If collection is undertaken by the firm's attorneys or staff, and if we are determined to be the prevailing party, we shall be entitled to reimbursement for our time based on our hourly billing rates then in effect.

**20.     Entire Agreement.**  This Agreement constitutes the entire agreement between you and Boutin Jones Inc.  No other agreement or statement made on or before the effective date of this Agreement is binding.  If any provision of this Agreement is held to be unenforceable, the remaining provisions shall continue in full force and effect.  This Agreement may be modified only in writing signed by both parties.  This Agreement is deemed to be entered into at our principal office in Sacramento, California.  The laws of the State of California shall apply to this Agreement.

383900.1